STEINMAN et al. v. HENRY MORGENTHAU CO. et al.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

APPEAL AND ERROR (§ 1064*)—PREJUDICIAL ERROR—INSTRUCTIONS—BURDEN OF PROOF.

> In a broker's action for commissions on sale of land, in which the owner interpleaded another claimant, and in which plaintiff had to show that G. was the real purchaser in order to recover, it was prejudicial error to charge that the burden of proving the cause of action was equal, while refusing to charge that the burden was on plaintiff to show that G. was the real purchaser.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Phillip Steinman and George Steinman against the Henry Morgenthau Company, who interpleaded Isadore Kashare. Judgment for plaintiffs, and defendant Kashare appeals. Reversed and remanded for new trial.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Joseph Rosenzweig, of New York City, for appellant.
Julius Tobias, of New York City (Isaac Josephson, of New York City, of counsel), for respondents.

SHEARN, J. The owner of the premises was the Henry Morgenthau Company. The appellant, Kashare, who also claimed to have earned the commission, was made a party defendant on interpleader; the owner having paid the amount involved into court.

Plaintiff's case was based upon the claim that one Fannie Shapiro, who took title, was merely a dummy for the real purchaser, her father,

one Gerston. Concededly plaintiffs had nothing to do with Mrs. Shapiro, who was brought to the owner by the appellant, Kashare, who took an active part in the negotiations and was present at the closing of title. Although, in order to recover, plaintiffs were obliged to prove that Gerston was the real purchaser, the court charged the jury, "The burden of proving this cause of action is equal in this case," and refused to charge that "the burden of proof is on the plaintiffs Steinman to show that Mr. Gerston is the real purchaser of the property." Of course this was error, for the burden of proof is always on the party alleging a fact necessary to sustain his claim. An error in charging a jury as to the burden of proof could not fail to be prejudicial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.